UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY McPHERSON,

Plaintiff,

v.

ROB BONTA, Attorney General,

Defendant.

Case No.: 1:26-cv-00707-CDB

**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S CLAIM AS FRIVOLOUS FOLLOWING SCREENING**

14-day Objection Deadline

Clerk of the Court to Assign District Judge

Plaintiff Michael Bruce Anthony McPherson, also known as Makal Brusamtone Makfarsan,[1] is appearing pro se in this civil rights action pursuant to Title 42 of the United States Code section 1983.

I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

---

[1] Plaintiff used this name in his complaint. Nevertheless, California Department of Corrections and Rehabilitation number BL-3935 reflects Plaintiff's true name. *See* https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=BL3935, last accessed 4/28/2026.

it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.   PLEADING REQUIREMENTS

### A.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

**B. Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.    DISCUSSION**

**A. Plaintiff's Complaint**

Plaintiff names California Attorney General Rob Bonta as the sole defendant in this action. (Doc. 1 at 2.) He asserts a single claim for relief and identifies his constitutional or other federal right violated as "Quiet Title Action" and the issue involved as "Other: Real Property." (*Id*. at 3.) By way of relief, Plaintiff seeks his "leyef back [life back]." (*Id.* at 14.) Accompanying the form complaint are a "Deed" (*id*. at 4-7), a "Quitclaim Deed" (*id*. at 8-10), and a "Declaration that Eye Am Gad & Keng" (*id*. at 11).

*****Remainder of this page intentionally left blank*****

3

## B. Plaintiff's Sole Claim for Relief

The entirety of Plaintiff's Claim reads as follows:

(See Doc. 1 at 3.)

## C. Analysis

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke,* 490 U.S. at 325, 328 (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). "The Court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-0997-CKD P, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327).

A review of Plaintiff's complaint establishes that it contains fantastical claims. Although much of it is illegible and difficult to decipher, it appears that Plaintiff asserts he is God and/or King over various government agencies, races and countries, and further asserts Plaintiff's name was misappropriated, his land, pyramid, and sea were damaged, and the government is "using

4

[his] law to illegally konvikt [convict]" him. Additionally, Plaintiff's "Deed" and Quitclaim Deed," offered in support of his claim, are nonsensical and/or fantastical. For example, the "Deed" claims that Plaintiff is "Keng af law [King of law]," and state he is "Gad [of the] Uneyetad States af Amaraka [God of the United States of America]" and "Royate, San af Man [Royalty, Son of Man]." (*Id*. at 4.) Thereafter follows a colored depiction of a pyramid (*id*.) and a list of titles associated with various words (*id*. at 5-6). The "Quitclaim Deed" is much the same (*id*. at 8-9) and the "Declaration That Eye Am Gad & Keng" includes a list of current and former magistrate and district judges in the Eastern District, as well as individuals in the Clerk's Office (*id*. at 11).

Simply put, Plaintiff's complaint is frivolous. *Denton*, 504 U.S. at 32-33; *Neitzke,* 490 U.S. at 325, 328; *Howell,* 2021 WL 3602139, at *1. And because Plaintiff's complaint is frivolous, granting Plaintiff leave to amend his complaint would be futile. *See Steel Co. v. Citizens for a Better* Environment, 523 U.S. 83, 89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."). Therefore, the undersigned will recommend this action be dismissed.

### IV.    ORDER AND RECOMMENDATION

Accordingly, the Court directs the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** Plaintiff's claim in this action be dismissed as frivolous and that the case be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the

5

exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 29, 2026**                                    _____
                                                               UNITED STATES MAGISTRATE JUDGE